IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Brandon Rashad Marshall, | ) | |
| | ) | |
| | ) | Civil Action No. 6:16-755-HMH-KFM |
| Plaintiff, | ) | |
| | ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. | ) | |
| | ) | |
| Charleston County Detention Center; Carolina Center for Occupational Health, | ) ) ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff in this matter, proceeding *pro se* and *in forma pauperis,* is a pretrial detainee at the Charleston County Detention Center in Charleston, South Carolina. He brings this action against the defendant Charleston County Detention Center ("CCDC") and the defendant Carolina Center for Occupational Health ("CCOH") alleging violations of 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.  For the reasons that follow, the undersigned recommends that the complaint be dismissed without prejudice and without issuance and service of process as to the defendants.

**I. Factual and Procedural Background**

The plaintiff alleges in the complaint that while housed in CCDC he was attacked on October 9, 2014, by another inmate and sustained injuries.  The plaintiff contends that, prior to the attack, he requested to be moved due to threats and safety concerns, but CCDC denied his request.  He also alleges that CCDC failed to provide

proper medical care to him during an asthma attack in August 2014. As to CCOH, the plaintiff contends that it failed to timely respond to a request for medical assistance when the plaintiff suffered the asthma attack and failed to provide adequate medical care after the plaintiff was assaulted by another inmate. The plaintiff seeks $37,000.00 in actual damages for medical care; $5,000.00 for follow-up care; $50,000.00 in punitive damages; court costs; and sanctions against the defendants for negligence.

**II. Discussion**

**A. Standard of Review**

The plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B) (I), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone,* 330 F.3d 630, 630 n.1 (4th Cir. 2003). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can

ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir.1990).

## B.  Analysis

Pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements to state a cognizable claim: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).  It is well-settled that only "persons" may act under color of state law, and, therefore, a defendant in a § 1983 action must qualify as a "person."  *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690 (1978). Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law. *See Nelson v. Lexington Cnty. Det. Ctr.*, C/A No. 8:10–2988–JMC, 2011 WL 2066551 (D.S.C. May 26, 2011) (finding that a building, detention center, is not amenable to suit under § 1983); *Brooks v. Pembroke City Jail*, 722 F.Supp. 1294, 1301(E.D.N.C.1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). The defendant "Charleston County Detention Center" is a department, group of buildings, or a facility.  Therefore, because the defendant CCDC is not a "person" pursuant to § 1983, the plaintiff has failed to state a claim on which relief may be granted.  It is recommended that this defendant be dismissed.

Likewise, the defendant CCOH is not amendable to suit.  Courts in this district have held that CCOH, "a South Carolina corporation, located in North Charleston, South Carolina whose medical staff provides health care services to businesses, institutions, and individuals is not a 'person' subject to suit under 42 U.S.C. § 1983." *Vinson v. Cannon*, C.A. No. 2:10–3214–HFF–BHH, 2011 WL 1624962, at *6 (D.S.C. Mar.28, 2011), *Report and Recommendation adopted by* 2011 WL 1627953 (D.S.C. Apr.28, 2011); *see also Payne v. CCOH*, Civil Action No. 6:12–1929–DCN–KFM, 2012 WL 6801387, at *4–6

(D.S.C. Nov.28, 2012), *Report and Recommendation adopted by* 2013 WL 81055 (D.S.C. Jan.7, 2013).  Accordingly, it is recommended that the defendant CCOH also be dismissed.

### III. Conclusion

For the foregoing reasons, it is recommended that this case be summarily dismissed as to both defendants CCDC and CCOH *without prejudice* and without issuance and service of process.  In a separate order, the undersigned has granted the plaintiff's motion to proceed *in forma pauperis*.

**The plaintiff's attention is directed to the Notice on the next page.**

March 16, 2016                                          s/ Kevin F. McDonald
Greenville, South Carolina                      United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).